IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHERRIE DAVENPORT,<br><br>                Plaintiff,<br><br>v.<br><br>URS MIDWEST, INC., and DENNIS UPCRAFT,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR EXTENSION AND AMENDING SCHEDULING ORDER**<br><br>Case No. 4:18-cv-00007-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff Sherrie Davenport filed a Motion for Extension of Time to Complete Expert Designations (the "Motion").[1] For good cause appearing, the Motion is GRANTED.

## BACKGROUND

The original scheduling order in this case set March 1, 2019, as the deadline by which parties bearing the burden of proof on an issue must disclose the subject and identity of their experts and produce reports.[2] At the parties' request, this deadline was extended to April 30, 2019.[3] One day before this deadline expired, Davenport's attorney asked defense counsel for a 30-day extension "to get our designations complete."[4] In response, defense counsel stated that he could not "agree to extend the expert report/designation deadlines" because "[m]y client was

---

[1] Docket no. 25, filed April 30, 2019; *see* Memorandum in Opposition to Plaintiff's Motion for Extension of Time to Complete Expert Designations ("Opposition"), docket no. 28, filed May 8, 2019; Reply Memorandum in Support of Plaintiff's Motion for Extension of Time ("Reply"), docket no. 31, filed May 15, 2019.

[2] Scheduling Order, docket no. 11, filed May 4, 2018.

[3] Amended Scheduling Order, docket no. 22, filed January 24, 2019.

[4] Correspondence Between Attorneys, docket no. 28-2, filed May 8, 2019.

clear about that this morning."[5] As a result, Davenport filed this Motion the next day, April 30, requesting a 30-day extension to produce her experts' reports on the grounds that her "accident reconstruction expert has not yet been able to complete his analysis and produce his expert report," and her "medical causation expert has also been unable to complete his report due to difficulty in scheduling a medical examination of Plaintiff."[6]

Although Davenport did not produce the reports of her accident reconstruction and medical causation experts by the April 30 deadline, she timely disclosed the subject and identity of her experts that day.[7] Defendants did so as well, along with a copy of one expert's report.[8] On May 9, 2019, Davenport produced her accident reconstruction expert's report to defense counsel.[9] And six days later she produced her medical expert's report.[10]

## DISCUSSION

"When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."[11]

Davenport filed this Motion for an extension *before* the deadline to produce expert reports expired. And good cause exists for an extension because, although Davenport retained

---

[5] *Id.*

[6] Motion, *supra* note 1, at 1-2.

[7] Plaintiff's Expert Designations, docket no. 26, filed April 30, 2019.

[8] Defendants' DUCivR 26-1 Notice of Experts, docket no. 24, filed April 30, 2019.

[9] Reply, *supra* note 1, at 2.

[10] *Id.*

[11] FED. R. CIV. P. 6(b)(1).

her accident reconstruction expert on June 12, 2018,[12] he only needed an additional eight days to complete his report, which was thereafter promptly provided to Defendants.[13] Likewise, Davenport's medical causation expert only needed an extra 15 days to complete his report—which has also been provided to Defendants—due to scheduling conflicts precluding his performance of a necessary examination.

While Defendants argue that granting the Motion would "work[] an undue advantage to" Davenport because they timely disclosed a report from their own accident reconstruction expert on April 30,[14] there is no evidence to support this argument. Besides, had Defendants agreed to Davenport's request for an extension on April 29, they could have produced the report from their accident reconstruction expert at a later date as well. Thus, the prejudice of which Defendants complain is not only nonexistent but also of their own making. This is particularly true given the established responsibility of lawyers in this district to "agree to reasonable requests for extension of time and waiver of procedural formalities when doing so will not adversely affect their clients' legitimate rights."[15] Generally, a client's opposition to such requests is immaterial and should be disregarded—as Defendants' should have been here.[16]

---

[12] Letter from Focus Forensics LLC, at 1, docket no. 29, filed May 9, 2019.

[13] *See id.*

[14] Opposition, *supra* note 1, at 8.

[15] *Standards of Professionalism and Civility*, UTAH SUP. CT. R. PROF. PRAC. 14-301(14); *see* DUCivR 81-1.1(g).

[16] *See* UTAH SUP. CT. R. PROF. PRAC. 14-301(14) ("Lawyers shall advise their clients that they reserve the right to determine whether to grant accommodations to other counsel in all matters not directly affecting the merits of the cause or prejudicing the client's rights, such as extensions of time . . . .").

# ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[17] is GRANTED.

IT IS FURTHER HEREBY ORDERED that the scheduling order[18] is amended as to the following items only:

**4.** **Rule 26(a)(2) expert disclosures and reports.**

    a.    Disclosures (subject and identity of experts):

        ii.    Counter disclosures:    06/26/19

    b.    Reports:

        i.    Parties bearing burden of proof:    05/15/19

        ii.    Counter reports:    06/26/19

**5.** **Other deadlines.**

    a.    Last day for expert discovery    08/14/19

    b.    Deadline for filing dispositive or potentially dispositive motions: 08/30/19

    c.    Deadline for filing partial or complete motions to exclude expert testimony:    08/30/19

**7.** **Trial and preparation for trial.**

    a.    Rule 26(a)(3) pretrial disclosures:

        i.    Plaintiffs:    12/16/19

        ii.    Defendants:    12/30/19

    c.    Special attorneys conference on or before:    01/23/20

    d.    Settlement conference on or before:    01/23/20

---

[17] Docket no. 25, filed April 30, 2019.

[18] Scheduling Order, docket no. 11, filed May 4, 2018; Amended Scheduling Order, docket no. 22, filed January 24, 2019.

| | | |
|---|---|---|
| e. | Final pretrial conference: | 9:00 a.m. on 02/06/20 |
| f. | Jury trial: | 5 days beginning at 8:30 a.m. on 02/18/20 |

Signed May 20, 2019.

BY THE COURT:

_____
Paul Kohler
United States Magistrate Judge